Ray D Louthian #10675-171
Federal Correctional Institution Mendota
P.O. Box 9
Mendota CA 93640

**FILED**

APR 29 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Ray D. Louthian
    Petitioner

vs.

Unites States

1:22-cv-00510-SAB (HC)

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

    Petitioner, herein, proceeds before the Court as a "Indigent" Pro Se litigant. Because Defendant is not competent in matters as they relate to the science of Law and/or Legal proceedings, it is necessary to invoke the United States Supreme Court holding in Haines v. Kerner, 404 U.S. 519, 520 (1972), wherein there Court held that a motion drafted by a Pro Se litigant is to be held to a "less stringent" standard than one prepared by a trained professional lawyer. It is respectfully requested, by defendant, that this "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY" is construed accordingly.

## PETITION

    This petition concerns the conviction and the sentence.

    Petitioner is under detention at Federal Correctional Institution Mendota, Anderson/Greenville South Carolina 4th Cir imposed the sentence. The offense's in the indictment were 2114,

1

922g, 924a, 924c, 924o, 371, 500, 924e, 18 § 2 and 4B1.1. The sentence was imposed on June 14, 2004, the term of the sentence is 360 months with 5 years supervised release. I plead guilty at that time. They went above the guidelines to level 36 and 360 months.

I appealed the conviction and sentence to the Fourth Circuit of Appeals it as denied on 4-17-2006, 05-4570, the appeal was based on no notice of enhancement under Blakely v. Washington, 542 U.S. 296 (2004).

I filed a 2255 on June 9, 2011 it was dismissed on December 6, 2011 as untimely. I was time barred at that time.

I filed another 2255 with United States District Court of South Carolina Anderson/Greenville on May 7, 2018 it was granted. They corrected count SIX from 180 months to 120 month's and the Court at that time did not believe that correction impacted the overall sentence including the upward departure, the grounds for the appeal were "Johnson II" 135 S. CT 2551"(2015), Welch 136 S. CT 1257(2016) and the sentence enhancement under ACCA is in violation of due process.

GROUNDS FOR PETITION

Ground one: "ACTUALLY INNOCENT" of being a Career Offender I'm pre-Booker and fall under United States v. Mathis and United States v. Decamps.

Supporting facts: South Carolina (AWIK)[1] Assault with intent

to kill non-violent misdemeanor, (AWIK) Assault and Battery with intent to kill, they are no longer predicates[2] under Mathis and Decamps, they are not an element clause offence under 4B1.2 status under mandatory guide line sentence.

## CONCLUSION

Petitioner relies on Allen v. Ives, 950 F.3d 1148, No. 18-35001 (9th Cir. 2020) because the Petitioner is actually innocent of a mandatory sentence. Petitioner was convicted of a prior offenses at least one of which was mistakenly deemed to qualify as a predicate offense. The mistake was later addressed by the Supreme Court in a retroactive decision clarifying the applicable law. Petitioner received a mandatory sentence under a mandatory sentencing scheme. All of this came to light after the opportunity to raise it in a § 2255 motion had passed. Jones v. United States, 2019 WL:418015 at * 7 (4th Cir. 2018)("South Carolina AWIK is an indivisible overbroad offense which is not a crime of violence under the force clauses of 4B1.2, as conviction can be based apon use of force that sweeps more broadly."). Only after the Supreme Court clarified the severability analysis in Descamps v. U.S. 570 U.S. 254 (2013), Mathis v. U.S. 136 S. CT. 2243,2249 195 L. Ed. 2d 604 (2016) and U.S. v. McFalls 592 F.3d 707,717 (6th Cir. 2010) did Petitioner have an argument that AWIK S. C. Code Ann § 16-3-600[3] was inseverable and a resulting claim

---

1. South Carolina (AWIK) statute is no longer a law after 2010.
2. Lester v. Flournoy 909 f.3d 708,715(4th Cir. 2018) They concluded that a misclassification as a career offender can be a fundammentel defect, if the sentencing occurred Pre-Booker when the sentencing guidelines were mandatory.

of actually innocence. That is, because of the incorrect severability analysis previously relied upon by the parties and the Federal district court in South Carolina. Petitioner has not had a unobstructed procedural shot at presenting this claim of actually innocence under the correct analysis. Now that the law has been clarified by the Supreme Court and the District Court of South Carolina.

### RELIEF SOUGHT

Petitioner prays on the court to grant this motion and decrease Petitioner's over all sentence to the proper guidelines of offense level 29 criminal history six for a total guideline range of 100-125 months.

I declare under penalty of perjury that the foregoing is true and correct.

_4-20-2022_         _Ray D. Louthian_
Date                                       Ray D. Louthian

---

3. South Carolina Code Ann. is § 16-3-600 and/or 16-3-625