# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY D. LOUTHIAN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES,<br><br>    Respondent. | Case No. 1:22-cv-00510-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 6)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. (ECF No. 1 at 1.)[1] On January 21, 2004, Petitioner pleaded guilty in the United States District Court for the District of South Carolina to: conspiracy to rob a United States post office and present stolen money orders for payment (Count 1); assault and robbery of a postal employee (Count 2); use of a firearm in relation to a crime of violence (Count 3); conspiracy to use a firearm in relation to a crime of violence (Count 4); theft of money orders (Count 5); and being a felon in possession of a firearm (Count 6). (ECF No. 1 at 1; ECF No. 6-1 at 20–21, 30.) On June 14, 2004, Petitioner was sentenced to a total term of 360 months of imprisonment. (ECF

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

No. 6-1 at 21.) On August 9, 2004, the Fourth Circuit dismissed Petitioner's appeal. (Id.)

On June 29, 2004, Petitioner moved for a new sentencing hearing based on Blakely v. Washington, 542 U.S. 296 (2004). The district court denied the request, and on April 17, 2006, the Fourth Circuit affirmed Petitioner's convictions and sentence. On June 9, 2011, Petitioner filed a § 2255 motion to vacate his sentence, which was dismissed by the district court on December 6, 2011. (ECF No. 6-1 at 21.)

On May 3, 2016, the Fourth Circuit granted Petitioner permission to file a successive § 2255 motion to raise a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 6-1 at 21.) In his authorized successive motion, Petitioner raised the following claims for relief: (1) Petitioner's sentence on Count 6 was imposed pursuant to the Armed Career Criminal Act ("ACCA"), in violation of his due process rights; and (2) Petitioner's sentence was improperly enhanced under the Career Offender provision in § 4B1.2 of the United States Sentencing Guidelines. (Id. at 22–23.) On May 7, 2018, the United States District Court for the District of South Carolina granted Petitioner's authorized successive § 2255 motion in part, reducing the sentence for Count 6 to 120 months and amending the sentence "to specifically reflect that Louthian was not sentenced under the ACCA." (Id. at 28.) The district court specifically found "that correcting Louthian's sentence on Count Six, without conducting a full resentencing, is the appropriate remedy," and rejected Petitioner's claim that his sentence was improperly enhanced under the career offender provision of the sentencing guidelines. (Id. at 26, 28.) On June 10, 2019, the Fourth Circuit affirmed. (ECF No. 6-1 at 36–39.)

In the instant petition for writ of habeas corpus, Petitioner asserts that he is actually innocent of being a guidelines career offender because his prior South Carolina convictions for assault with intent to kill and assault and battery with intent to kill are no longer qualifying predicates for USSG § 4B1.2 enhancement in light of Mathis v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013). (ECF No. 1.) Respondent filed a motion to dismiss, arguing that Petitioner's claims may not be raised under § 2241. (ECF No. 6.) Petitioner filed an opposition. (ECF No. 9.) The Court ordered supplemental briefing, and both Respondent and Petitioner filed supplemental briefs. (ECF Nos. 10, 12, 13.)

## II.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the District of South Carolina as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).

**A. Actual Innocence**

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted).

In Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit stated that it had "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Id. at 1193. The petitioner in Marrero asserted that he was actually innocent of being a career offender due to subsequent amendments to the Sentencing Guidelines. Marrero, 682 F.3d at 1193. The Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195. The Marrero court also discussed, but did not endorse, the following exceptions recognized in other circuits to the general rule that a petitioner cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was factually innocent of the crime that served as the predicate conviction for the enhancement. Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation.

Marrero, 682 F.3d at 1194–95 (citations omitted).

In Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit reached the question left open in Marrero and found that "Allen ha[d] made a claim of actual innocence that permits jurisdiction over his § 2241 petition." Id. at 1189. Specifically, Allen asserted that under Mathis and Descamps, which are retroactive, his prior Connecticut state conviction was not a conviction for a predicate crime and thus, Allen is actually innocent of a crime that would qualify him for career offender status under the Sentencing Guidelines and is actually innocent of the sentence

4

that was imposed. Id. at 1188. In finding that Allen had made a claim of actual innocence that permits jurisdiction over his § 2241 petition, the Ninth Circuit distinguished Marrero, where the petitioner's claim "failed because his claim to actual innocence was based on a non-retroactive interpretation of the Guidelines, and he made no claim to factual innocence of the crimes of which he had been convicted." Allen, 950 F.3d at 1190.

Allen also noted that the decisions of other circuits cited by Marrero "restricted actual innocence claims to cases in which the sentence exceeded what would otherwise have been the statutory maximum." Allen, 950 F.3d at 1189. In finding that such a restriction did not limit Allen's claim of actual innocence,[2] the Ninth Circuit stated:

> [T]he advisory nature of the post-*Booker* guidelines was important to the reasoning in those decisions. For prisoners sentenced under the mandatory Guidelines, we doubt such a restriction can survive the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99, 107–08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), that a fact that increases a mandatory minimum sentence is an "element" of the offense. *See* 570 U.S. 99, 107–08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

Allen, 950 F.3d at 1189. The Ninth Circuit has "limit[ed] Allen's application to petitioners who 'received a mandatory sentence under a mandatory sentencing scheme.'" Shepherd v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1078 (9th Cir. 2021) (quoting Allen v. Ives, 976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J., concurring in the denial of the petition for rehearing en banc)).

Respondent asserts that "[u]nder *Shepherd*, § 2241 court-of-custody resentence jurisdiction is barred because Petitioner was not resentenced via a mandatory statutory scheme." (ECF No. 6 at 4.) Respondent contends that the United States District Court for the District of South Carolina "in resentencing ensured that the 360-month term was pursuant to discretionary U.S.S.G. application and removed any term related to sentencing under any statutory mandatory scheme." (Id. at 5.) In the opposition, Petitioner argues that his sentence is still a pre-Booker mandatory guidelines sentence because the sentencing court's correction on Count 6 did not have any impact on the overall sentence. (ECF No. 9 at 4.)

---

[2] "[T]he finding that Allen was a career offender increased his minimum sentence under the mandatory Guidelines from 235 months to 262 months and disqualified him from receiving an otherwise available downward departure." Allen, 950 F.3d at 1189.

According to the sentencing court's order granting the § 2255 motion in part, Petitioner was originally sentenced to:

> sixty (60) months of imprisonment for Count One, 276 months as to Count Two, sixty (60) months as to Count Five, and 180 months as to Count Six, all to run concurrently, and 84 months as to Count Three, to run consecutively to the other counts. He was also sentenced to five (5) years of supervised release on Counts Two, Three, and Six, and three (3) years supervised release on Counts One, Four, and Five, all to run concurrently. In sum, Louthian was sentenced to a total term of 360 months imprisonment, to be followed by five (5) years of supervised release.

(ECF No. 6-1 at 21.) The order subsequently states that:

> Louthians's sentence on Count Six will be reduced to one hundred and twenty (120) months of imprisonment to run concurrently to his sentences for Counts One, Four, and Five, and three years of supervised release to run concurrently to the five years of supervised release imposed for Counts Two and Three, and the three years of supervised release imposed on Counts One, Four, and Five.

(Id. at 27.)

In the supplemental brief, Respondent asserts that in accordance with United States v. Ventura, 864 F.3d 301 (4th Cir. 2017),[3] the sentencing court "unbundled Louthian's sentence and resentenced him *inter alia* with newly group counts" (i.e., "remov[ing] Count 2 from the group, includ[ing] Count 4 in the group, and reduc[ing] the term in Count 6 in the group"). (ECF No. 12 at 1, 2.) Respondent contends that "[a]gainst this background, it is axiomatic that, otherwise, the remaining counts were necessarily regrouped in the new amended judgment. Thus, Petitioner was fully resentenced as to all counts under discretionary post-*Booker* guidelines, and he did not otherwise receive a mandatory sentence pursuant to a statutory mandatory scheme." (ECF No. 12 at 2.)

The Court does not find Respondent's argument that Petitioner was resentenced under the advisory sentencing guidelines to be persuasive. Respondent argues that the sentencing court

---

[3] In Ventura, the Fourth Circuit "reassert[ed its] adoption of the sentencing package doctrine," which provides that "when a court of appeals 'vacate[s] a sentence and remand[s] for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing.'" 864 F.3d at 309 (first alteration added) (quoting United States v. Yost, 185 F.3d 1178, 1181 (11th Cir. 1999)). Ventura "agree[d] with [other] circuits that 'when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan,' and that if some counts are vacated, 'the judge should be free to review the efficacy of what remains in light of the original plan.'" 864 F.3d at 309 (quoting United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999)).

"unbundled Louthian's sentence and resentenced him *inter alia* with newly group counts," relying on the language of the § 2255 order, which did not include Count 4 in its recitation of Petitioner's original sentence and did not include Count 2 in its recitation of how Petitioner's sentence would be amended. (ECF No. 12 at 2.) However, the amended judgment states with respect to imprisonment:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 360 months. This term consists of 60 months as to count 1, 276 months as to count 2, 240 months as to count 4, 60 months as to count 5, and 120 months as to count 6, with all such terms to run concurrently and 84 months consecutive as to count 3 for a total sentence of 3260 months.

(ECF No. 6-1 at 31.) Based on the amended judgment, it is clear to this Court that the sentencing court committed clerical errors in its § 2255 order by omitting certain counts in its recitation of the original and amended sentences. This conclusion is further supported by the fact that the sentencing court rejected Petitioner's contention that "he is entitled to a re-sentencing as to Count Six and also the remaining counts under the 'sentence packaging theory,'" and specifically held "that correcting Louthian's sentence on Count Six, *without conducting a full resentencing*, is the appropriate remedy." (ECF No. 6-1 at 25, 26 (emphasis added).) On appeal, the Fourth Circuit held that "[t]he district court appropriately reduced Louthian's sentence on Count 6 to the statutory maximum of 120 months and *made no changes to the remaining counts that were not impacted by the armed career criminal designation*." (ECF No. 6-1 at 38 (emphasis added).)

Based on the sentencing court and Fourth Circuit's orders, no changes were made to the sentences for Counts 1 through 5, which were imposed in 2004 before United States v. Booker, 543 U.S. 220 (2005).[4] Here, Petitioner is challenging the portion of his sentence that was imposed pursuant to the pre-Booker mandatory sentencing guidelines and left untouched in 2018 when the sentencing court partially granted his authorized successive § 2255 motion. Accordingly, the Court finds that Allen is applicable in the instant case.

---

[4] In Booker, the Supreme Court held "the provision of the federal sentencing statute that makes the [Sentencing] Guidelines mandatory, 18 U.S.C. § 3553(b)(1) (Supp. IV), incompatible with" the Sixth Amendment, "conclude[d] that this provision must be severed and excised," and found that "[s]o modified, the federal sentencing statute, as amended, makes the Guidelines effectively advisory." 543 U.S. at 245 (internal citations omitted).

7

### B. Unobstructed Procedural Shot

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060).

Here, Petitioner asserts that he is actually innocent of being a guidelines career offender because his prior South Carolina convictions for assault with intent to kill and assault and battery with intent to fill are no longer qualifying predicates for USSG § 4B1.2 enhancement in light of Mathis and Descamps. (ECF No. 1.) Petitioner contends that he never had an unobstructed procedural shot at presenting his actual innocence claim because "[a]ll of this came to light after the opportunity to raise it in a § 2255 motion had passed." (Id. at 3.) Specifically, Petitioner argues that "[o]nly after the Supreme Court clarified the severability analysis" in Descamps and Mathis did Petitioner have an argument that the South Carolina assault with intent to kill is an indivisible overbroad offense. (ECF No. 1 at 3.) However, Respondent argues that "in the Fourth Circuit, *Descamps* and *Mathis* were not intervening decisions creating a previously unavailable legal basis for attack." (ECF No. 12 at 2.)

Various federal statutes impose enhanced sentences on certain defendants who have prior convictions for certain offenses. See, e.g., 18 U.S.C. § 924(e) (imposing fifteen-year mandatory

8

minimum instead of otherwise applicable ten-year statutory maximum on persons who violate 18 U.S.C. § 922(g) and have three previous convictions for a "violent felony" or "serious drug offense"); 21 U.S.C. § 841(b)(1)(A) (enhancing mandatory minimum by five years on persons who violate 21 U.S.C. § 841(a) involving quantities set forth in § 841(b)(1)(A) after one prior conviction for a "serious drug felony" or "serious violent felony").

"To determine whether a past conviction is for one of those [sentence-enhancing] offenses, courts compare the elements of the crime of conviction with the elements of the 'generic' version of the . . . offense—*i.e.*, the offense as commonly understood." Mathis, 579 U.S. at 503. "For more than 25 years, [Supreme Court] decisions have held that the prior crime qualifies as a[ sentence-enhancing] predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." Id. "To determine whether a prior conviction is for [a] generic [offense] courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [offense], while ignoring the particular facts of the case." Id. at 504 (citing Taylor v. United States, 495 U.S. 575, 600–01 (1990)). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime. The court then lines up that crime's elements alongside those of the generic offense and sees if they match." Mathis, 579 U.S. at 504–05.

"Some statutes, however, have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder. A single statute may list elements in the alternative, and thereby define multiple crimes." Mathis, 579 U.S. at 505 (citing Descamps, 570 U.S. at 260). The Supreme "Court approved the 'modified categorical approach' for use with statutes having multiple alternative elements." Mathis, 579 U.S. at 505 (citing Shepard v. United States, 544 U.S. 13, 26 (2005)). "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 579 U.S. at 505–06. "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." Id. at 506.

Descamps concerned the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion,'" and "whether sentencing courts may also consult th[e] additional documents [used in the modified categorical approach] when a defendant was convicted under an 'indivisible' statute—*i.e.*, one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense." Descamps, 570 U.S. at 257, 258. The Supreme Court held "that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements" and found that Supreme Court "caselaw explaining the categorical approach and its 'modified' counterpart all but resolve[d Descamps'] case." Id. at 258, 260.

Mathis concerned "a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element" and "whether ACCA treats this kind of statute as it does all others, imposing a sentence enhancement only if the state crime's elements correspond to those of a generic offense—or instead whether the Act makes an exception for such a law, so that a sentence can be enhanced when one of the statute's specified means creates a match with the generic offense, even though the broader element would not." 579 U.S. at 506–07. In declining to find such an exception, the Supreme Court noted its "precedents make this a straightforward case" and that "[c]ourts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." Id. at 519.

As Petitioner was convicted in the District of South Carolina, over which the Fourth Circuit has appellate jurisdiction, the Court looks to Fourth Circuit caselaw to determine whether Petitioner had an unobstructed procedural shot to present his claim. See Alaimalo, 645 F.3d at 1048–49. The Fourth Circuit has held that "*Mathis* did not change the substantive law of the Supreme Court or this court." Ham v. Breckon, 994 F.3d 682, 696 (4th Cir. 2021). And in at least two unpublished decisions, the Fourth Circuit has held that Descamps (and Mathis) did not

change the settled substantive law of the Fourth Circuit and thus, the requirements of the escape hatch were not satisfied[5] and dismissal of the § 2241 petition was appropriate. Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) ("*Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements."); Muhammad v. Wilson, 715 F. App'x 251, 252–53 (4th Cir. 2017). Based on the foregoing, the Court finds that Decamps and Mathis "did not effect a material change in the applicable [Fourth Circuit] law." Harrison, 519 F.3d at 960.

Petitioner also cites to United States v. Jones, 914 F.3d 893 (4th Cir. 2019), in support of his actual innocence claim. (ECF No. 1 at 3.) Jones applied the categorical approach and found that South Carolina's offense of assaulting, beating, or wounding law enforcement officer while resisting arrest ("ABWO") is not a violent felony predicate conviction under ACCA's force clause because "South Carolina applies the ABWO statute to conduct that does not involve the use, attempted use, or threatened use of violent physical force against another." 914 F.3d at 903. The Court finds that Jones "did not effect a material change in the *applicable* law," Harrison, 519 F.3d at 960 (emphasis added), because Petitioner's prior South Carolina convictions were for assault with intent to kill and assault and battery with intent to kill ("ABIK"), which were not at issue in Jones. In fact, the Fourth Circuit has held that "ABIK categorically constituted a violent felony under the ACCA force clause," United States v. Dinkins, 714 F. App'x 240, 244 (4th Cir. 2017), and Jones specifically stated that its "conclusion today . . . is also consistent with our recent unpublished decision in *United States v. Dinkins*," Jones, 914 F.3d at 904 n.13.

"[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he never had an unobstructed procedural shot at presenting his actual innocence

---

[5] In the Fourth Circuit, § 2255 is inadequate or ineffective to test the legality of a sentence when, inter alia, "at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence" and "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

11

claim,[6] Petitioner cannot proceed under the escape hatch. Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 6) be GRANTED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 27, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[6] In the opposition to the motion to dismiss, Petitioner raises for the first time the claim that an offense requiring only a mens rea of recklessness does not constitute a predicate offense for USSG § 4B1.2 enhancement, citing to Borden v. United States, 141 S. Ct. 1817 (2021). (ECF No. 9 at 3; ECF No. 13 at 2.) To the extent Petitioner wishes to proceed with an actual innocence claim based on Borden, the Court notes that the appropriate procedure is to file a motion to amend the petition.